**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**United States of America,**

    **Plaintiff,**

    **vs.**                                                  **No. 04-20006-01-02-JWL**

**Alverez McCullough and**
**Jami Mosley,**

    **Defendants.**

### ORDER

On April 27, 2005, the court granted defendant Jami Mosley's multiple motions for a writ of habeas corpus ad testificandum. On that same day, Ms. Mosley filed two additional motions for a writ of habeas corpus ad testificandum and, the following day, defendant Alverez McCullough filed several motions for a writ of habeas corpus ad testificandum. On April 29, 2005, the government filed a motion (doc. 186) requesting that the court reconsider those writs that it had granted and that the court deny the motions presently pending for additional writs on the grounds that the witnesses who are the subjects of the writs were interviewed by defense counsel without notification to or approval from the witnesses' attorneys.

The government's motion is denied. In the first instance, the government has not shown the court that it has standing to raise the issues set forth in its motion on behalf of the witnesses that defendants intend to call at the upcoming evidentiary hearing. It may be that some or all of these witnesses may invoke their Fifth Amendment right not to testify, but if that is to be determined before the hearing it seems to the court it should be done on a motion

to quash filed by the subpoenaed prospective witnesses and not on the government's motion. Secondly, the government has not directed the court to any authority indicating that defense counsel's conduct violated any ethical rules or other legal prohibition.  *Compare* Kansas Rule of Professional Conduct 4.2 ("In representing a client, a lawyer shall not communicate *about the subject of the representation* with a party the lawyer knows to be represented by another lawyer *in the matter*, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.") (emphasis added); *see also* D. Kan. 83.6.1(a) (adopting Kansas Rules of Professional Conduct as adopted by the Kansas Supreme Court).  While it might be improper for government counsel to contact an otherwise represented individual charged with or convicted of a federal crime without going through the individual's lawyer, there appears to be no proscription against a lawyer fulfilling his or her duty of zealous representation to a defendant in a totally separate case from contacting prospective witnesses directly.  In the absence of any showing to the contrary, the motion is denied.

**IT IS SO ORDERED** this 2nd day of May, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

2