**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.  04-20006-JWL |
| ALVEREZ McCULLOUGH, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On November 23, 2004, a jury convicted Alverez McCullough of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base (count 1); possession with intent to distribute 500 grams or more of cocaine (count 3); possession with intent to distribute marijuana (count 4); and possession of firearms in furtherance of drug trafficking crimes (count 5) (doc. 117).

Prior to sentencing, the United States Probation Office prepared a presentence report, recommending that Mr. McCullough be held accountable for 14.08 kilograms of cocaine, 145.74 kilograms of marijuana, and 182.54 grams of cocaine base.  Based on those drug quantities, the Probation Office calculated a base offense level of 34, which, with a two-level enhancement for role in the offense and a two-level enhancement for obstruction of justice, resulted in a total offense level of 38.  With a criminal history category of I, under the United States Sentencing Commission, *Guidelines Manual*

(2004), this subjected Mr. McCullough to an advisory guideline range of 235- to 293- months imprisonment for counts 1, 3, and 4.  On July 8, 2005, the defendant received a sentence of 260 months for counts 1 and 3 to run concurrently, 60 months for count 4 to run concurrently, and 120 months for count 5 to be served consecutively by operation of law, for a total sentence of 380 months (doc. 224).

Mr. McCullough has now filed a Motion for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (doc. 257).  For the reasons set forth below, that motion is dismissed for lack of jurisdiction.

## 1. Amendments to Sentencing Guidelines

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with the applicable policy statement issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The policy statement to which § 3582(c)(2) refers is § 1B1.10 of the United States Sentencing Guidelines.  Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c).  U.S.S.G. § 1B1.10(a)(1).  Section 1B1.10(a)(2) provides that a reduction is not authorized if the retroactive amendments do not apply to the defendant or do not have the effect of lowering the applicable guideline range.

Mr. McCullough seeks to have his sentence reduced by means of the Fair

Sentencing Act of 2010 (FSA), as well as Amendments 706, 711, and 713 to the United States Sentencing Guidelines. As relevant to the defendant's present motion, the FSA and Amendments 706, 711, and 713 addressed penalties for cocaine base offenses.

Specifically, in Amendment 706, the United States Sentencing Commission substantially revised the Drug Quantity Table in § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (2007). "'The effect of Amendment 706 is to provide a two-level reduction in base offense levels for crack cocaine offenses.'" *United States v. Martin*, 296 Fed. App'x 650, 652 (10th Cir. 2008) (quoting *United States v. Moore*, 541 F.3d 1323, 1325 (11th Cir. 2008)). Amendment 711 modified Amendment 706, U.S.S.G. App. C, Amend. 711 (2007), and Amendment 713 permitted Amendments 706 and 711 to be applied retroactively in certain circumstances. U.S.S.G. App. C, Amend. 713 (2008). Finally, The Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372, amended various United States Code provisions with respect to crack cocaine violations, raising the quantities of cocaine base required to trigger various statutory mandatory minimum sentences from a 100:1 to an 18:1 "crack-to-powder" ratio. The FSA directed the Sentencing Commission to amend the Sentencing Guidelines to conform with the new law within 90 days of the FSA's enactment. In response, the Sentencing Commission issued amended Guidelines based on the FSA's new mandatory minimum sentences. U.S.S.G. App. C, Amend. 750 (2011). These amended Guidelines became retroactively effective on November 1, 2011.

Amendments 706, 711, 713, and 750 do not have the effect of reducing the Mr.

McCullough's applicable guidelines range. To clarify, at sentencing, the court found that Mr. McCullough was accountable for 14.08 kilograms of cocaine, 145.74 kilograms of marijuana, and 182.54 grams of cocaine base. Section 2D1.1 cmt. n.10(B) requires that each of the differing controlled substances is converted to its marijuana equivalent to obtain a single offense level. Under the conversion ratio in effect at the time of sentencing, Mr. McCullough was attributed with 6,613.40 kilograms of marijuana, § 2D1.1 cmt. n.10 (2004), yielding a base offense level of 34. Applying the conversion ratio as set forth in *Guidelines Manual* § 2D1.1 cmt. n.10(D) (2011), he is attributed with 3,614.44 kilograms of marijuana, yielding a base offense level of 34.[1] As such, Mr. McCullough's total offense level and applicable guideline range remain unchanged.

Because Amendments 706, 711, 713, and 750 do not provide for a lesser guideline range, these amendments are inapplicable to the defendant's case. *See* § 1B1.10(a)(2)(B). As the facts establish that Mr. McCullough's sentence is not based on a guideline range that has subsequently been lowered by the Sentencing Commission, the court is without jurisdiction to consider a reduction of sentence under § 3582(c). *United States v. Curtis*, 252 Fed. App'x 886, 887 (10th Cir. 2007) (Where the amendment did not subsequently lower the defendant's Guideline range, the district court has no jurisdiction to consider a modification to his sentence under 18 U.S.C. § 3582(c)(2)).

---

[1] Mr. McCullough's base level offense remains 34, as he is attributed with "at least 3,000 KG but less than 10,000 KG of Marihuana." U.S.S.G. § 2D1.1(c)(4) (2011).

**2. General Authority to Resentence Defendant**

Mr. McCullough also asks the court to "revisit his § 3553(a) factors and consider his extraordinary efforts at post-conviction rehabilitation" (doc. 257, at 3). A federal district court may modify a defendants sentence only where Congress has expressly authorized it to do so. *See United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996); 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2). None of these exceptions apply here. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. *See Blackwell*, 81 F.3d at 947–48; Fed. R. Civ. P. 35 (authorizes resentencing to correct illegal sentence on remand from court of appeals, to reflect defendant's substantial assistance on motion of the government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Civ. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. *See Blackwell*, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Retroactive Application of Sentencing Guidelines (doc. 257) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED** this 23rd day of May, 2012.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge