IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                        Case No. 04-20006-01-JWL

**Alverez McCullough,**

      **Defendant.**

## MEMORANDUM & ORDER

In November 2004, a jury convicted Alverez McCullough of conspiracy to distribute and possess with intent to distribute cocaine (Count 1); possession with intent to distribute cocaine (Count 3); possession with intent to distribute marijuana (Count 4); and possession of a firearm during and in relation to a drug trafficking crime (Count 5). The court ultimately determined that Mr. McCullough's total offense level was 38 and assigned a criminal history category of I. The resulting advisory guideline range for imprisonment was 235 to 293 months. The court sentenced Mr. McCullough to a sentence of 260 months (roughly the mid-point of the advisory range) on Counts 1 and 3, to run concurrently, 60 months on Count 4, to run concurrently, and 120 months on Count 5, to be served consecutively, for a total sentence of 380 months.

This matter is before the court on Mr. McCullough's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table. Under the amended guidelines, Mr. McCullough's total offense level is 36. With a criminal history category of I,

his amended guideline range is 188 months to 235 months imprisonment.  In his motion for reduction, Mr. McCullough requests that the court resentence him to 188 months imprisonment, the low end of the range, with the understanding that the 120-month consecutive sentence on the firearm conviction must remain in place.  In response, the government concedes that Mr. McCullough is eligible for a reduction (and the parties agree as to the amended range) but contends that any reduction should be limited to the mid-point of the amended range.

Following the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), the Tenth Circuit has recognized that § 3582(c)(2) "prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact *warranted*." *United States v. White,* 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original).  Because the government does not dispute that a sentence reduction is authorized in this case, only the second question is at issue here.  In determining whether a sentence is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety."  *United States v. Meridyth*, 573 Fed. Appx. 791, 794 (10th Cir. 2014) (citations omitted).

The court concludes that a reduction is warranted and, consistent with its practice, will resentence Mr. McCullough to the mid-point of the amended range as it did in connection with Mr. McCullough's original sentence.  While the court commends Mr. McCullough for his efforts to rehabilitate himself through educational courses and work, and understands Mr.

McCullough's desire to be reunited with his family sooner rather than later, the court does not believe that a greater reduction is warranted in light of its belief that, in resentencing defendants under Amendment 782, it should endeavor to determine what sentence a particular defendant would have received had the revised Drug Quantity Table been in effect at the time of the defendant's initial sentencing. Mr. McCullough's counsel has calculated that a sentence of 210 months represents the same guideline point in the amended range as the court utilized in calculating Mr. McCullough's initial sentence of 260 months. The government does not challenge counsel's calculations, they appear accurate to the court, and the court believes that a sentence of 210 months is appropriate.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McCullough's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 272) is **granted as described herein** and Mr. McCullough's sentence on Counts 1 and 3 is **reduced from 260 months to 210 months imprisonment for a total term of 330 months**. All other provisions of the judgment dated July 1, 2005 shall remain in effect.

**IT IS SO ORDERED.**

Dated this 26th day of October, 2015, at Kansas City, Kansas.

---

[1] As explained by Mr. McCullough's counsel, 210 months was calculated by (1) calculating the number of months by which the original sentence exceed the low-end of the guideline range; (2) dividing that number by the number of months in the original guideline range; (3) multiplying the resulting percentage by the number of months in the amended range; and (4) adding that number to the low end of the new range.

**Effective Date:  November 1, 2015**.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

.