IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,           )
                                    )
                    Plaintiff,      )
                                    )
         v.                         )      Case No. 04-20006-01-JWL
                                    )
ALVEREZ MCCULLOUGH,                 )
                                    )
                    Defendant.      )
                                    )
_____)

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant's motion for compassionate release (doc. #281). For the reasons set forth below, the court denies the motion in part and dismisses the motion in part.

Defendant Alverez McCullough was convicted following a jury trial on multiple drug and weapons-related charges. The court sentenced the defendant to a total term of 380 months imprisonment. The Circuit affirmed the defendant's convictions and sentence. *See United States v. McCullough*, 457 F.3d 1150 (10th Cir. 2006). The defendant is presently incarcerated at FCI El Reno and his anticipated release date is July 7, 2028.[1]

---

[1] According to the BOP's COVID-19 resource page, FCI El Reno presently has no inmates with active COVID-19 infections and has six staff members with active cases. One inmate has recovered from COVID-19 and one staff member has recovered. The facility has had no deaths from the virus. These statistics indicate that the BOP's measures to contain the virus have been effective at this facility.

In his motion, the defendant argues that compassionate release is warranted because his status as a cancer survivor significantly increases his risk of serious complications if he were to contract COVID-19. 18 U.S.C. § 3582(c)(1)(A) provides that a court may reduce a term of imprisonment for "extraordinary and compelling reasons." The moving defendant bears the burden of establishing that such a "compassionate release" is warranted under the statute. *See, e.g.*, *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (defendant bears burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) ("extraordinary and compelling" standard imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)). A court exercises its discretion in ruling on such a motion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (reviewing denial for abuse of discretion); *United States v. Saldana*, 2020 WL 1486892, at *2 n.4 (10th Cir. Mar. 26, 2020) (unpub. op.) (same) (citing *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016)).[2]

18 U.S.C. § 3582(c)(1)(A) provides that a court may reduce a sentence if it finds both (a) that extraordinary and compelling reasons warrant the reduction and (b) "that such a reduction is consistent with applicable policy statement issued by the Sentencing

---

[2] The defendant alleges in his motion that he has exhausted his administrative remedies by submitting a written request to the warden of his facility which was subsequently denied. The government, in a footnote, asserts that the defendant has failed to submit any paperwork "proving" that he submitted the request he describes. But the government stops short of denying that the warden received such a request or that the defendant submitted such a request. The court, then, exercises jurisdiction over the motion and proceeds to the merits.

2

Commission." *See id.* In addition, 28 U.S.C. § 994(t) provides that "[t]he [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See id.* The Sentencing Commission responded to that mandate by promulgating the policy statement found at U.S.S.G. § 1B1.13.

In Section 1B1.13, the Commission added the requirement that the defendant not be a danger to the safety of another person or the community. *See id.* In addition, in Application Note 1 to the statement, the Commission set forth four circumstances (in subdivisions (A) through (D)) under which "extraordinary and compelling reasons" may exist. *See id.* application note 1. Subdivisions (B) and (C) depend on the defendant's age and family circumstances, and they are not applicable here. *See id.* Subdivision (A) sets forth the following qualifying medical condition: the defendant is either (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition that substantially diminishes his or her ability to provide self-care within the prison environment from which he or she is not expected to recover. *See id.* The defendant does not suggest that he is entitled to relief under this subdivision.

That leaves subdivision (D), known as the "catchall" provision, which in its present form provides as follows:

> **(D) Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and

> compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*See id.* Subdivision (D) thus provides that circumstances other than those listed in subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the Bureau of Prisons (BOP). The BOP has made no such determination in this case. Nevertheless, as this court has previously determined, in accordance with the weight of authority, the court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute. *See United States v. Jackson*, 2020 WL 2812764, at *3 (D. Kan. May 29, 2020). As will be explained, the court concludes in its discretion that the defendant has not met his burden to show that extraordinary and compelling circumstances warrant his immediate release from prison because he has not shown that he suffers from medical conditions that place him at an elevated risk of harm from the virus.

    The defendant summarily asserts, without elaboration, that he is a cancer survivor. The government, in response, asserts that the defendant's medical records reflect that he had Hodgkins Lymphoma in 2014 that required chemotherapy but that the records do not presently reflect any health concerns or treatment for any health conditions. Neither party has submitted the defendant's medical records for the court's review. Thus, there is simply no evidence before the court suggesting that the defendant presently has any health condition that might increase his risk of harm in the event that he contracts the virus. *See United States v. McPherson*, 2020 WL 3964997, at *2 (D. Nev. July 13, 2020) (denying motion for compassionate release filed by a defendant who argued that his status as cancer-

4

survivor rendered him immuno-compromised where nothing in medical records indicated that the defendant was currently suffering from any condition); *Holt v. United States*, 2020 WL 3802718, at *3 (E.D. Va. July 7, 2020) (denying motion for compassionate release filed by a defendant who offered history of breast cancer as underlying condition where there was no indication that the defendant's immune system was currently compromised or that the disease had resurfaced); *United States v. Brown*, 2020 WL 3511584, at *6 (E.D. Tenn. June 29, 2020) (denying motion for compassionate release filed by cancer survivor; no evidence that the defendant was currently immunocompromised and last cancer treatment was in 2012).

The defendant, then, has simply not shown that he bears an increased risk of serious medical harm, and the court is not prepared to order the release of any and all inmates, solely because of the pandemic, in the absence of such a particularized risk. Accordingly, the court in its discretion concludes that the defendant has not shown that extraordinary and compelling reasons warrant his release from prison. The court therefore denies the defendant's motion to the extent it is asserted under Section 3582(c)(1)(A).

The defendant also references the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") in his motion for compassionate release. *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020). Under § 12003(b)(2) of the CARES Act,

> if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020).  On April 3, 2020, the Attorney General declared that because of COVID-19, "emergency conditions are materially affecting the functioning" of the BOP so that the BOP Director now has authority to grant home confinement to a larger group of prisoners. *See* Memorandum from Attorney Gen. William Barr to Dir. of Bureau of Prisons, Apr. 3, 2020, https://www.justice.gov/file/1266661/download. While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the court lacks jurisdiction to order home detention under this provision. *See United States v. Young*, 2020 WL 3832937, at *2 (D. Kan. July 8, 2020); *United States v. Fritts*, 2020 WL 3475225, at *1 (D. Kan. June 25, 2020) (collecting cases).  As a result, to the extent the defendant is seeking an order from this court placing him on home confinement pursuant to the CARES Act, the motion is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release (doc. #281) is hereby **denied in part and dismissed in part**.

**IT IS SO ORDERED.**

Dated this 3rd day of August, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

6